Laurence D. Wood, S.
The petitioner herein has brought a proceeding to compel the executor of the estate of Robert McLusky to account and in connection with such proceeding has demanded a jury trial of her claim against the estate. In substance, this claim was for the "recovery of a bank account in the amount of approximately $60,000 in the Merchants National Bank and Trust Company of Syracuse, New York, which account petitioner claimed that the decedent, Robert McLusky had opened in the said bank for the benefit of petitioner. This claim which was duly submitted to the executor was rejected by the executor as of February 9, 1959. Amended proof of claim was submitted to the executor on or about August 6, 1959, seeking recovery of the subject bank account as payment for services rendered by petitioner to decedent during his lifetime. An action was brought in Supreme Court of Onondaga County for the recovery of this claim and the court granted the executor’s motion to dismiss the complaint on the ground that the cause of action alleged in the complaint did not accrue within three months of the rejection of the claim by the executor.
The executor contends in this proceeding that the claimant is not entitled as a matter of right to a trial by jury and that petitioner has waived any right to a jury trial by not commencing an action on her claim within three months after its rejection.
I would find for the executor as did the Supreme Court if this present proceeding were an action to prove petitioner’s claim alone and by itself and not being in connection with the proceedings for judicial settlement. However, the proof of this claim at this time is part of the proceedings for judicial settlement and, *323 therefore, I find that petitioner is not barred by the three months’ statutory period after rejection of the claim. (Surrogate’s Ct. Act, § 211.)
The executor has filed a final accounting in which it has rejected petitioner’s claim and therefore, in the exercise of my discretion, I grant to the petitioner the right to have her claim tried in this court before a jury as a part of the proceedings on final accounting. (Surrogate’s Ct. Act, § 68; Matter of Scovill, 218 N. Y. 707.)
Petitioner should prepare an order that this claim shall be tried in this court before a jury during the Jury Term commencing April 18, 1960. Said order must be obtained and entered not later tiran April 4, 1960 and notice of entry served on opposing counsel not later than April 6, 1960. Decreed accordingly.